IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MARCUS EASTERWOOD                                                                            PLAINTIFF
ADC #136647

V.                                         NO.  4:06cv01004 JLH-JWC

K.  WRIGHT, et al                                                                              DEFENDANTS

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**I.  Instructions**

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR  72201-3325

## II.  Recommended Disposition

On August 16, 2006, Plaintiff, a pro se inmate[1] who at the time was confined to the Diagnostic Unit of the Arkansas Department of Correction ("ADC"), filed this 42 U.S.C. § 1983 civil rights action (docket entry #1).  Plaintiff did not submit the $350.00 statutory filing fee or an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  So that the Court could determine how the $350 filing fee would be paid, by order entered August 22, 2006 (docket entry #2), Plaintiff was directed to complete and sign an in forma pauperis application that the Court had enclosed.  At Plaintiff's request, an authorized official of the Diagnostic Unit was directed to complete and sign the certificate portion of his application, along with the required calculation sheet.  Plaintiff was directed to file the completed in forma pauperis application on or before September 21, 2006.  Plaintiff was additionally

---

[1] Plaintiff claims he was in jail and still awaiting trial on pending criminal charges (i.e., a pretrial detainee) when the events that gave rise to this action occurred.  The evidence Plaintiff attaches to his complaint, however, indicates that his claim arose on August 7 and 8, 2006, eight to nine days prior to filing this lawsuit.  In addition, the ADC's website indicates that Plaintiff's initial receipt and sentence date was July 27, 2006, on a probation revocation.  In other words, he was not a pretrial detainee.

advised that his failure to make a timely and complete response to the Court's order would result in a recommended dismissal of his case without prejudice. Although untimely, Plaintiff did respond on October 5, 2006 (see docket entry #4). In forma pauperis status was granted (see docket entry #5). Plaintiff's application indicated that he had been moved to the Wrightsville Unit.

According to his complaint, Plaintiff alleges that his civil rights were violated when he had a question about his case and there was no law library at the Faulkner County Jail. He requested help from Defendants in writing but they told him he was on his own. "Prison officials may not deny or obstruct an inmate's access to the courts to present a claim." McMaster v. Pung, 984 F.2d 948, 953 (8th Cir. 1993) (citing Bounds v. Smith, 430 U.S. 817, 821 (1977) and Johnson v. Avery, 393 U.S. 483, 485 (1969)). However, an inmate has no standing to pursue an access claim unless he can demonstrate that he suffered prejudice or actual injury as a result of the prison officials' conduct. Lewis v. Casey, 518 U.S. 343, 351-52 (1996); McMaster, 984 F.2d at 953. This Plaintiff cannot do. To show actual injury, an inmate must:

> "[D]emonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint."

Lewis, 518 U.S. at 351.

Plaintiff's claim arose on August 7 and 8, 2006, eight to nine days prior to filing this lawsuit. His initial receipt and sentence date was July 27, 2006, on a probation revocation.

Presumably, his legal question concerned the sentence imposed based on his probation violation; however, it could just as easily have concerned another case, civil matter, or habeas relief— the distinction is immaterial.  By the time Plaintiff filed this lawsuit, approximately a week after he requested access to the law library, he was in the ADC and had access to legal materials.  Plaintiff's ultimate access to a law library, within an extremely short time period, was constitutionally adequate.  Furthermore, even assuming that Defendants prevented Plaintiff access to a law library on one occasion, Plaintiff still failed to establish he was denied access to the courts, as he neither claimed nor demonstrated that he suffered any prejudice or actual injury as a result of Defendants' alleged actions.  See Farver v. Vilches, 155 F.3d 978, 979 -980 (8th Cir. 1998) (per curiam) (citing Lewis v. Casey, 518 U.S. 343, 351-52 (1996) (to prevail on an access-to-courts claim, prisoner must show denial of access to adequate law library or other legal assistance and actual injury); Klinger v. Dep't of Corr., 107 F.3d 609, 617 (8th Cir.1997) (to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic)).  Under these circumstances it cannot be said that Plaintiff's constitutional rights were violated.

### III.  Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's case should be DISMISSED IN ITS ENTIRETY WITH PREJUDICE.

2. Any PENDING MOTIONS should be DENIED AS MOOT.

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any order adopting this recommendation, and any judgment entered thereunder, would not be taken in good faith.

3.     This dismissal should count as a "STRIKE" as frivolous pursuant to 28 U.S.C. § 1915(g).[2]

DATED this 16th day of January, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.